**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **RAUL CHAPA AND ELOISA CHAPA,** **Plaintiffs** | § § § | |
| **v.** | § | **Civil Action No. _______________** |
| **STATE FARM LLOYDS,** **Defendant** | § § § | |

---

**DEFENDANT'S NOTICE OF REMOVAL**

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendant State Farm Lloyds files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

***Procedural Background***

1. On January 28, 2015, Plaintiffs Raul and Eloisa Chapa ("Plaintiffs") filed their Original Petition ("Original Petition") styled Cause No. 2015-CV-0034-A; *Raul Chapa and Eloisa Chapa v. State Farm Lloyds;* In the 197th Judicial District Court of Willacy County, Texas. State Farm was served with citation on February 10, 2015. On March 6, 2015, Defendant State Farm Lloyds filed an answer in state court.

***Nature of the Suit***

2. This lawsuit involves a dispute over State Farm's handling of Plaintiffs' insurance claims for damages from foundation shifting or settling due to a water leak allegedly sustained by their residential property: 13132 Chapa Road, Lasara, Texas.

***Basis for Removal***

3. Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. There is complete diversity of citizenship between the proper parties. At the time Plaintiffs filed their Original Petition on January 28, 2015 and as of the date of filing this Notice, State Farm was and is an unincorporated insurance association whose underwriters were and are all citizens of states other than Texas. Accordingly, at the time Plaintiffs initially filed this suit, and through the filing of this Notice, Defendant State Farm Lloyds is not a citizen of the State of Texas for diversity jurisdiction purposes.[1]

5. Upon information and belief, Plaintiffs were citizens of Texas when they filed their Petition and continue to be citizens of Texas.

6. Pursuant to 28 USC § 1332(a), "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs…" Plaintiffs specifically identify in their Petition that they seek at least $85,000 in damages. Plaintiffs state in their Original Petition section VII, that "Plaintiffs have sustained property damages *in excess* of $25,000.00," and further, in section VIII, that "Plaintiffs are entitled to recover from Defendant the sum of not less than $25,000.00 to compensate them for their reasonable attorney's fees incurred… in the event of appeal to the Court of Appeals, Plaintiffs would further be entitled to recover $15,000.00…as a reasonable attorney's fees; in the event of a Petition for Review to the Texas Supreme Court, Plaintiffs

[1] *See Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993), *cert. denied,* 114 S. Ct. 1541 (1994) (defining "Lloyds' Plan" insurer). *See, e.g. Garza v. State Farm Lloyds*, 2013 WL 3439851, at *2 (S.D. Tex. July 8, 2013) ("Therefore, the Court finds that State Farm has sufficiently demonstrated by a preponderance of

would be entitled to recover $7,500.00...as reasonable attorney's fees; and in the event the Texas Supreme Court grants discretionary review, Plaintiffs would be entitled to recover $12,500.00...as reasonable attorney's fees." See Plaintiffs' Original Petition, attached as Exhibit A.

7. In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees..."[2] Further, Plaintiffs' claim that their property, insured through State Farm, sustained covered damages. Plaintiffs allege that State Farm breached the insurance contract when it denied Plaintiffs' claim.[3] Plaintiffs seek damages for breach of contract under their insurance contract identified as Policy Number 83-C4-3729-0 with coverage limits of $206,645.00 for the dwelling, foundation endorsement of $30,907.00, limits of $154,534.00 for contents, and coverage for the actual amount of additional living expenses.

8. Plaintiff has pled damages in excess of $75,000.00, the minimum amount of damages required for removal. Plaintiffs seek actual damages, special damages, and attorney fees for their claim of breach of contract.[4] Thus, given the Policy involved in Plaintiffs' claim, the nature of Plaintiffs' claim, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

---

the evidence that its underwriters are not citizens of Texas. This means State Farm and the Plaintiffs are completely diverse.")

[2] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. Liberty Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

[3] Plaintiff's Original Petition.

[4] *See* Plaintiff's Original Petition, ¶ VIII- IX.

***The Removal is Procedurally Correct***

9. State Farm was first served with the Original Petition on February 10, 2015. Therefore, State Farm filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

10. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this district.

11. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

12. Pursuant to 28 U.S.C. §1446(d), promptly after State Farm files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiffs, the adverse party.

13. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk of Willacy County, Texas, promptly after State Farm files this Notice.

WHEREFORE, STATE FARM LLOYDS requests that this action be removed from the 197th Judicial District Court of Willacy County, Texas to the United States District Court for the Southern District of Texas, Brownsville Division, and that this Court enters such further orders as may be necessary and appropriate.

Respectfully submitted,

David R. Stephens with permission Sara Richard

David R. Stephens
Attorney in Charge
State Bar No. 19146100
Southern District No. 21360
LINDOW STEPHENS TREAT LLP
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Telecopier: (210) 227-4602
dstephens@lstlaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Southern District of Texas, Brownsville Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this 9th day of March, 2015, addressed to those who do not receive notice from the Clerk of the Court.

Jose R. Guerrero
State Bar No. 08581427
GUERRERO LAW FIRM
1001 S. 10th Street
Tiffany Plaza
Executive Business Center 1, Suite 221
McAllen, Texas 78501
Telephone: (956) 457-0444
Facsimile: (866) 459-6571
jrguerrero@thejrglawfirm.com

David R. Stephens with permission Sara Richard

David R. Stephens

# EXHIBIT A

To:+1.210.227.4602 From:State Farm Fax:FOIP ISCC SS2 KOFAX at:15-02-16-11:30 Doc:912 Page:003

55-230V-676

## Citation

THE STATE OF TEXAS

RECEIVED
FEB 10 2015
EXECUTIVE

To: Rendi Black
c/o State Farm
17301 Preston Road
Dallas, TX 75252-5727

Defendant in the hereafter styled and numbered cause **2015-CV-0034-A**

YOU ARE HEREBY COMMANDED to appear before the 197th District Court of Willacy County, Texas to be held at the courthouse of said county in the City of Raymondville, Willacy County, Texas, by filing a written answer to the **Original Petition** of Plaintiffs Raul Chapa and Eloisa Chapa at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause number **2015-CV-0034-A** styled *Raul Chapa and Eloisa Chapa vs. State Farm Lloyds* filed in said court on this the **28th day of January, 2015.**

Plaintiffs are represented by Jose R. Guerrero whose address is 1001 S. 10th Street, Tiffany Plaza, Executive Business Center 1, Suite 221, McAllen, TX 78501.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the **29th day of January, 2015**

Gilbert Lozano
District Clerk
of Willacy County Texas
**576 W. Main, Ste. 102**
**Raymondville, Texas 78580**

By [signature]
**Deputy**

RECEIVED
FEB 11 2015
TLRG

NOTICE

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To:+1.210.227.4602 From:State Farm Fax:FOIP ISCC SS2 KOFAX at:15-02-16-11:30 Doc:912 Page:004

COPY CAUSE NO. 2015-CV-0034-A

| | | |
|---|---|---|
| RAUL CHAPA AND ELOISA CHAPA | § | IN THE DISTRICT COURT |
| VS. | § | WILLACY COUNTY, TEXAS |
| STATE FARM LLOYDS | § | 197th JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW RAUL CHAPA AND ELOISA CHAPA,** Plaintiffs in the above-numbered and entitled cause and complain of Defendant STATE FARM LLOYDS (hereinafter **"Defendant State Farm"**) and for cause of action respectfully show the following:

**I.**

This is a discovery level II case.

**II.**

Plaintiffs are residents of Willacy County, Texas. The Plaintiffs' property that was damaged is located in Willacy County, Texas, and the incident causing the damage to Plaintiffs' property made the basis of this cause of action occurred in Willacy County, Texas. Therefore, venue of this lawsuit properly fixed in Willacy County, Texas under authority of Tex. Civ. Prac. & Rem. C §15.002(1).

**III.**

Defendant is an entity licensed by the Texas Department of Insurance as a Lloyds company authorized to sell property and casualty insurance in Texas. Defendant may be served with process in this case by serving its registered Attorney for Service via certified mail; return receipt



FILED 9:49am
JAN 28 2015
Gilbert Lozano, Dist. Clerk, Willacy Co.
By ______ Deputy

requested at the following address:

**Rendi Black**
**c/o State Farm**
**17301 Preston Road**
**Dallas TX 75252-5727**

IV.

From on or about sometime in 2011 to the present, the Plaintiffs have noticed that their dwelling, located at 13132 Chapa Road, Lasara, Texas, has been showing signs of progressive damage in the form of cracks in the interior drywall sheathing, buckling floors, jamming windows, and jamming interior doors. The Plaintiffs allege that the damage was the result of the home's foundation shifting or settling due to a water leak from the dwelling's plumbing system. The amount of damage sustained by Plaintiffs on the occasion in question is in excess of the jurisdictional limits of this court.

V.

Prior to the occurrence set forth in paragraph IV, above, and made the basis of this lawsuit, Plaintiffs had purchased from the Defendant a property insurance policy to protect them from damage loss to their dwelling of the type and nature that it sustained on the occasion in question (hereinafter the "Insurance Policy"). In return for payment of valuable consideration that was dutifully paid by Plaintiffs to Defendant, Defendant became contractually obligated under the Insurance Policy to pay Plaintiffs for any covered loss they might sustain to their dwelling during Insurance Policy's coverage period. At all times material to this action, the Insurance Policy was in full force and effect.

VI.

On or about February 13, 2013, Plaintiffs submitted a claim to Defendant for coverage

under the Insurance Policy for the damage sustained by their dwelling structure on the occasion in question. Despite the fact that the damage sustained by Plaintiff's dwelling structure was a covered loss under the Insurance Policy, on or about May 10, 2013, the Defendant denied the Plaintiffs' claim, in writing, as not being a covered loss under the Insurance Policy. By failing to pay the Plaintiffs' claim, as it was obligated to do under the Insurance Policy, the Defendant has breached its agreement with the Plaintiffs.

**VII.**

The Plaintiffs will show that as a result of Defendant breaching its insuring agreement with them, Plaintiffs have sustained property damages in excess of Twenty-Five Thousand Dollars ($25,000). Plaintiffs will further show that they have fully complied with all the terms of the insurance policy, as a condition precedent to bringing this suit. Nevertheless, the Defendant has failed and refused, and still fails and refuses to pay any benefits under the Insurance Policy as Defendant is contractually required to do.

**VIII.**

The Plaintiffs have been required to obtain the services of the undersigned legal counsel to bring this suit in protection of their interests. Plaintiffs are, therefore, entitled to recover from Defendant the sum of not less than $25,000.00 to compensate them for their reasonable attorney's fees incurred prosecuting this claim against the Defendant. In the event of an appeal to the Court of Appeals, Plaintiffs would further be entitled to recover $15,000.00 from Defendant, as a reasonable attorney's fees; in the event of a Petition for Review to the Texas Supreme Court, Plaintiffs would be entitled to recover $7,500.00 from Defendant, as a reasonable attorney's fees; and in the event the Texas Supreme Court grants discretionary review, Plaintiffs would be entitled to recover

$12,500.00 from Defendant, as reasonable attorney's fees.

IX.

Plaintiffs hereby tender their jury fee and demand a trial by jury on all issues so triable in this cause.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that Defendant be cited to appear and answer, and that after trial on the merits of this suit, by judgment of this Court, the Plaintiffs be granted the following relief:

1. All actual and special damages prayed for herein and awarded by the trier of fact;
2. Prejudgment interest at the maximum rate allowed by law;
3. Post-judgment interest at the maximum rate allowed by law, until judgment is paid.
4. Reasonable attorney's fees, as allowed by law.
5. Costs of suit.
6. Such other and further relief at law or in equity, general or special, to which Plaintiff may be justly entitled.

Respectfully submitted,

**GUERRERO LAW FIRM**
1001 S. 10th Street
Tiffany Plaza
Executive Business Center 1, Suite 221
McAllen, Texas 78501
Phone: (956)457-0444
Fax: (866)459-6571
Email: jrguerrero@thejrglawfirm.com

COPY

By: [signature]
JOSE R. GUERRERO
State Bar No. 08581427
ATTORNEY FOR PLAINTIFFS

CERTIFIED MAIL

GILBERT LOZANO
DISTRICT CLERK
576 WEST MAIN ST STE 102
RAYMONDVILLE TEXAS 78580




7013 1090 0000 6767 6388

Rendi Black
c/o State Farm
17301 Preston Road
Dallas, TX 75252-5727

RECEIVED
FEB 10 2015
EXECUTIVE

RECEIVED

75252X5727